# **Exhibit D**

THIS IS A COPY

# NOTE

35644530657-015

$ **8,024.87**                                                                          **Orlando, Florida**

FOR VALUE RECEIVED, the undersigned ("Borrower") promise(s) to pay **Westgate Palace L.L.C.,  a Florida limited liability company**, or order, (the "Note holder")the principal sum of **Eight Thousand Twenty-Four Dollars & 87 Cents** Dollars ($**8,024.87**) with interest on the unpaid principal balance from the date of this Note, until paid, at the rate of **17.99** percent per annum.  Principal and interest shall be payable at 5601 Windhover Drive, Orlando, FL 32819-7905, or such other place as the Note holder may designate, in consecutive monthly installments of **One Hundred Fifty Dollars & 52 Cents** Dollars ($**150.52**), on the **27TH** day of each month beginning **March, 2020**  Such monthly installments shall continue until the entire indebtedness evidenced by this Note is fully paid, except that any remaining indebtedness, if not sooner paid, shall be due and payable on **February 27, 2030** ("Maturity date").  In the event the first payment date is more than thirty (30) days after the date of this Note, all interest accruing from the 31st day after the date of this Note to the first payment date shall be deemed fully earned, due and payable provided, however, the amount of such accrued interest shall be added to the principal amount due and amortized over the term of the Note without interest, which amount is included in the monthly payment set forth above.

If any monthly installment under this Note is not paid when due and remains unpaid after a date specified by a notice to Borrower, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder. The date specified shall not be less than thirty (30) days from the date such notice is mailed. The Note holder may exercise this option to accelerate during any default by Borrower regardless of any prior forbearance. If there is a default under this Note, the Note holder shall be entitled to collect all reasonable costs and expenses of collection, whether or not suit is brought, including, but not limited to, reasonable attorney's fees. While in default, this Note shall bear interest at the highest rate permitted by law.

Borrower shall pay to the Note holder a late charge of Twenty Five Dollars ($25.00) if any or a portion of any monthly installment is not received by the Note holder within ten (10) days after the installment is due.

Regular installments shall be applied first to interest, then to principal and then to late fees and costs.

Borrower may prepay the principal amount outstanding in whole or in part. The Note holder may require that any partial prepayments (i) be made on the date the monthly installments are due, and (ii) be in the amount of that part of one or more monthly installments which would be applicable to principal. Any partial prepayment shall be applied against the principal amount outstanding and shall not postpone the due date of any subsequent monthly installments or change the amount of such installments, unless the Note holder shall otherwise agree in writing.

Presentment, notice of dishonor, and protest are hereby waived by all markers, sureties, guarantors and endorsers, and shall be binding upon them and their successors and assigns.

Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail addressed to Borrower at the Property Address stated below, or to such other address as Borrower may designate by notice to the Note holder. Any notice to the Note holder shall be given by mailing such notice by certified mail, return receipt requested, to the Note holder at the address stated in the first paragraph of this Note, or at such other address as may have been designated by notice to Borrower.

It is the parties' express intent that this Note and the rights, duties and obligations of the parties hereto shall be governed by and construed in accordance with the laws of the State of **Virginia** and, to the extent they preempt the laws of such state, the laws of the United States.

It is the express intent of the parties hereto that the Note holder does not intend or expect to charge or receive any amount in the nature of interest or which would be deemed or construed to be interest in excess of the maximum rate authorized by law. In the event any amount charged or received under this Note is determined to be exceed the highest lawful rate, such excess is hereby waived and shall either be applied to the outstanding principal balance or refunded to the Borrower to the extent such excess exceeds the remaining principal balance.

Each party hereto knowingly, voluntarily, and intentionally waives any right it may have to a trial by jury with respect to any litigation (including, but not limited to, any claims, cross-claims, counter-claims, or third party claims) arising out of, under, or in connection with this Note or between the parties to this Note, their affiliates, subsidiaries, successors, or assigns and irrespective of whether such litigation arises out of this Note, by statute, or as a matter of tort law, and the parties hereto expressly consent to a non-jury trial in the event of any of the foregoing.

All of the provisions set forth in this Note are a material inducement for Note holder's entering into the transaction with Borrower.

The indebtedness evidenced by this Note is secured by a **Mortgage** , dated **August 31, 2019** and reference is made to the **Mortgage** for rights as to acceleration of this indebtedness evidenced by this Note.

**207 SOUTH FIFTH ST**
**SPRING LAKE, NC 28390**
**USA**

_Miranda St_                              (SEAL)
**Miranda L Steines**

_Adam St_                                  (SEAL)
**Adam U Steines**

_____   (SEAL)

_____   (SEAL)

**Address**
# UNIT(S) AND UNIT WEEK(S)
1 1912/22 O

**Westgate Palace**                                    WR005A 12/2015

THIS IS A COPY

**35644530657-015**

## PRE CLOSING ALLONGE TO PROMISSORY NOTE

This Note (and the associated Mortgage) are being held in escrow pursuant to the provisions of paragraph 3 of the Contract for Purchase and Sale between Lender and Borrower that is being executed simultaneously herewith (the "Contract"). The Note is not operative or delivered until such time as the transaction closes as set forth in Paragraph 8 of the Contract. For the purposes hereof, the term "closing" shall mean the delivery of the original deed to the Purchaser or the irretrievable delivery of the deed to the clerk of the court of the county where the property is located for recording. The obligation to pay as set forth in the Note and Mortgage shall not be created until the Closing. However, pending the closing of this transaction, Purchaser shall be obligated pursuant to the Contract to make the payments in the same amount as the monthly payments set forth in the Note which shall constitute additional deposits under the Contract and not payments under the Note. The initial deposit and all additional deposits shall be subject to the provisions of Section 721.08, Florida Statutes.



WR005A 12/2015